# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Alexis Green, ) | Civil Action No. 3:18-cv-03443-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Robert Wilkie, Secretary of Veteran Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Alexis Green filed this action against Defendant Robert Wilkie, the Secretary of Veteran Affairs and the agency representative of her former employer, the Department of Veteran Affairs ("DVA"). (*See* ECF No. 1.)

This matter is before the court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 23.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On September 4, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the court grant Defendant's Motion for Summary Judgment as to all of Plaintiff's pending claims. (ECF No. 30 at 36.) Plaintiff filed Objections to the Report and Recommendation, which are presently before the court. (ECF No. 32.)

Upon its consideration of the aforementioned, the court observes that Plaintiff pleaded claims against Defendant in the Complaint for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213.[1] (*See* ECF No. 1 at 13 ¶ 110–16 ¶ 132.) However, a

---

[1] The court observes that the Magistrate Judge and the parties agreed that Plaintiff's claims should have been brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796. (*See* ECF Nos. 30 at 1 n.1, 24 at 11 n.7, 23-1 at 21–25.) Plaintiff even stated that she "will move to amend the pleadings in accordance with Rule 15, FRCP." (ECF No. 24 at 11 n.7.) The court reviewed the docket and it does not appear that Plaintiff amended the Complaint. There is also not a motion to amend currently pending. Accordingly, the claims before the court are ADA claims.

1

civil action pursuant to the ADA cannot be maintained against the Secretary of Veteran Affairs in his capacity as an employer. More specifically, the ADA provides that "[t]he term 'employer' does not include . . . the United States, a corporation wholly owned by the government of the United States, or an Indian tribe; . . . ." 42 U.S.C. § 12111(5)(B)(I). Thus, the ADA specifically excludes the federal government, including the DVA, in its capacity as employer, from its coverage. *See, e.g.*, *Sarvis v. U.S.*, No. 99-0318, 2000 WL 1568230, at *2 (2d Cir. Oct. 19, 2000) ("[W]e have held that 'Title II of the ADA is not applicable to the federal government . . . Sarvis therefore cannot proceed against the BOP under the ADA" (internal citation omitted)); *Collins v. Sovereign Bank*, 482 F.Supp.2d 235, 239 (D. Conn. 2007) ("Moreover, there can be no ADA claim against the Treasury Department, as Title II of the ADA is not applicable to the federal government." (citation omitted)); *Ziemba v. Slater*, 36 F. Supp. 2d 81, 86 (D. Conn. 1999) ("Because defendant Slater is the Secretary of the Department of Transportation, which is a U.S. Government agency, and was sued in his official capacity, he is not an employer for the ADA's purposes." (citation omitted)); *Jordan v. Evans*, 404 F. Supp. 2d 28 (D. D.C. 2005) ("[A] federal employee has no remedy for employment discrimination under the ADA." (citing *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998)). "As an ADA action cannot be maintained against [][D]efendant, [][P]laintiff fails to state a claim upon which relief can be granted." *Lamphear v. Potter*, No. 09–1640 (TLM), 2012 WL 3043108, at *2 (D. Conn. July 25, 2012). Accordingly, the court must dismiss the Complaint.

Upon careful consideration of the entire record, the court hereby **DISMISSES WITH PREJUDICE** the Complaint, **DENIES AS MOOT** the Motion for Summary Judgment of Defendant Robert Wilkie, the Secretary of Veteran Affairs (ECF No. 23), **REJECTS** the Magistrate Judge's Report and Recommendation (ECF No. 30), and **OVERRULES** Plaintiff

Alexis Green's Objections (ECF No. 32).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 10, 2021
Columbia, South Carolina