IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Alexis Green, | ) | C/A No. 3:18-cv-03443-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Denis McDonough, | ) | |
| Secretary of Veteran Affairs,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling and a Report and Recommendation ("Report"). ECF No. 30. On September 4, 2020, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted. *Id.* Plaintiff filed objections to the Report, and Defendant filed a Response. ECF Nos. 32, 33.

## **BACKGROUND**

Plaintiff filed her Complaint on December 13, 2018, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"). ECF No. 1. Defendant filed a Motion for Summary Judgment, Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 23, 24, 27. On September 4, 2020, the Magistrate Judge issued a Report recommending that the Motion for Summary

---

[1] Denis McDonough was appointed during the pendency of this litigation and replaced Robert Wilkie as Defendant in the Amended Complaint. ECF No. 47.

Judgment be granted. ECF No. 30. Plaintiff filed objections to the Report, and Defendant filed a Response. ECF Nos. 32, 33. The Honorable J. Michelle Childs dismissed this case with prejudice on March 10, 2021, due to Plaintiff's technical error of pleading her case under the ADA, rather than correctly pleading her case pursuant to the Rehabilitation Act of 1973 ("the Rehabilitation Act"). ECF No. 36. However, on April 7, 2021, Plaintiff filed a Motion for Reconsideration, to which Defendant filed a Response. ECF Nos. 38, 39. Judge Childs granted Plaintiff's Motion on March 8, 2022, reopened the case, and directed Plaintiff to file an amended complaint. ECF No. 44. Plaintiff filed her Amended Complaint on March 14, 2022, alleging Defendant violated the Rehabilitation Act by failing to accommodate her disabilities. ECF No. 47. Accordingly, this matter is again before the Court on Defendant's Motion for Summary Judgment.[2] ECF No. 23.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 96 S. Ct. 549, 46 L. Ed. 2d 483 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310,

---

[2] The Report addresses Plaintiff's claim under the Rehabilitation Act. *See* ECF No. 30 at 1 n.1.

2

315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

The Report contains a thorough recitation of the facts and the applicable law, which the Court incorporates by reference, except as specifically noted below. The Magistrate Judge recommends granting summary judgment, finding that the record does not support Plaintiff's contention that a material issue of fact exists. *See* ECF No. 30 at 25, 28–30, 32–34. Plaintiff objects to the Magistrate Judge's conclusion, arguing that the reasonableness of the accommodations Defendant provided and the speed at which they were provided remain questions of fact for a jury. ECF No. 32 at 2.

"To the extent possible, [the Court] construe[s] the ADA and Rehabilitation Act to impose similar requirements." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012). "Thus, despite the different language these statutes employ, they require a plaintiff to demonstrate the same elements to establish liability." *Id.* "The standard for reasonableness under the ADA does not differ from the one employed under the Rehabilitation Act, even though Title III of the ADA uses the term 'reasonable modification' rather than 'reasonable accommodation,' the term utilized in Rehabilitation Act doctrine." *Id.* at 462 n.5 (internal quotation marks omitted). Title I of the ADA provides that a "reasonable accommodation" includes:

> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

3

> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9). Plaintiff must show that "the employer refused to make such accommodations," with the implicit requirement that "the employer and employee engage in an interactive process to identify a reasonable accommodation." *Haneke v. Mid-Atlantic Capital Mgmt.*, 131 F. App'x 399, 399 (4th Cir. 2005). "The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees. The shared goal is to identify an accommodation that allows the employee to perform the job effectively. Both sides must communicate directly, exchange essential information and neither side can delay or obstruct the process." *Nichols v. Harford Cty. Bd. of Educ.*, 189 F. Supp. 2d 325, 328 (D. Md. 2002) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114–15 (9th Cir. 2000) (en banc)).

Plaintiff cites *Reyazuddin v. Montgomery County*, 789 F.3d 407, 414 (4th Cir. 2015) to support her proposition that whether the accommodations Defendant provided were reasonable remains a question of fact. ECF No. 32 at 2. However, at issue in *Reyazuddin* were 1) the defendant's deliberate decision to use inaccessible software for the blind plaintiff, citing efficiency, productivity, and low costs as defensible reasons for failing to provide the plaintiff with interactive software, and 2) the defendant's assertion that even if it had provided the plaintiff with her proposed accommodations, she would still be unable to perform the essential functions of the job. 789 F.3d at 415. The *Reyazuddin* Court agreed with the district court, holding "a genuine issue remains as to

whether Reyazuddin could perform the essential job functions with a reasonable accommodation." *Id.*

The facts in *Reyazuddin* are significantly different from the matter at hand. Plaintiff is not arguing that she could have performed the essential functions of the job with reasonable accommodations, as was the case in *Reyazuddin*. Rather, she objects to the Magistrate Judge's determination that the accommodations provided were reasonable, alleging instead that the accommodations were "ineffective" and unreasonable due to delays in providing them. ECF No. 32 at 2. Plaintiff's disability stems from a firecracker injury, resulting in the amputation of fingers, the partial loss of functioning in one hand, and post-traumatic stress disorder ("PTSD"), which is triggered by noise. ECF No. 30 at 3. Plaintiff informed Defendant of her disability, and the parties engaged in the interactive process of assessing Plaintiff's needs and finding solutions to those issues, as summarized in Plaintiff's email to Defendant on November 17, 2016. *Id.* at 16. This included an initial teleworking agreement that was revisited every few months, moving Plaintiff to a more solitary, though not completely isolated, office space in another building, dictation software, and various noise reducing headphones. *Id.* at 2–23. Plaintiff informed Defendant that the multiple headphones it provided her did not completely cancel out noise to her liking, and Defendant asked Plaintiff to consult her doctor "for a specific device recommendation" and inform Defendant of which headphones would be satisfactory so it could "move forward on getting the correct item." *Id.* at 18. Plaintiff did not consult with her doctor concerning the headphones and thus did not communicate any specific device recommendation to Defendant. *Id.*

5

The record indicates that Defendant engaged with Plaintiff at every turn and made several efforts to provide Plaintiff with her requested accommodations in a timely manner, including multiple sets of headphones and earmuffs, a white noise machine, remote work opportunities and a hybrid work schedule, a different office while Plaintiff was on-site, instructing that foot traffic near her office be minimal, and dictation software with an accompanying microphone. ECF No. 30 at 2–23. When Plaintiff felt an accommodation was unreasonable, Defendant reengaged to continue to provide Plaintiff with an alternative, be it various headphones, work arrangements, office placement, etc.

While Defendant should take Plaintiff's desired accommodation into account, Defendant has the ultimate say in determining which accommodation to provide Plaintiff, even if it is not the best accommodation possible. *See Corrigan v. Perry*, No. 97-1511, 1998 U.S. App. LEXIS 5859, at *1 (4th Cir. Mar. 24, 1998) (holding that "[a]lthough an employee's preference for one accommodation over another must be taken into account, the employer providing the accommodation has the ultimate discretion to choose between effective accommodations. . . [and] need not be the best accommodation possible, so long as it is sufficient to meet the job-related needs of the individual being accommodated." (internal citations and quotation marks omitted)). Nor does the record suggest that there were unreasonable delays in providing Plaintiff with these accommodations. The Court finds that Defendant engaged in the interactive process with Plaintiff to identify reasonable accommodations and repeatedly provided Plaintiff with the accommodations asked for without undue delay, even if they were not wholly tailored to Plaintiff's requests. Accordingly, Plaintiff's objections are overruled.

## **CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiff's objections [32] and adopts the Report [30]. Accordingly, Defendant's Motion for Summary Judgment [23] is **GRANTED**.

IT IS SO ORDERED.

<u>**s/ Donald C. Coggins, Jr.**</u><br>United States District Judge

April 11, 2023
Spartanburg, South Carolina

7